UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-cr-60285-RSR

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**TERRANCE BROWN**,

    Defendant.

_____/

## MOTION TO COMPEL PRODUCTION OF PHONE RECORDS

Terrence Brown, by and through undersigned counsel, hereby moves this Court order the government to produce certain call records for Mr. Brown, and states:

### FACTS

The government's theory of prosecution is that Mr. Brown and his alleged co-conspirators attempted to rob various armored car messengers on different occasions, culminating in the murder of Alejandro Nodarse Arencibia, a Brink's armored truck messenger on October 1, 2010.  The government contends that Mr. Brown was the mastermind of the robbery.  The government has produced to Mr. Brown telephone records for two mobile telephone numbers that the government claims are Mr. Brown's: 786-307-4240 and 786-419-2326.  The first date for either of the numbers is September 1, 2010.  In efforts to gain a conviction of Mr. Brown the government relies upon the records it has produced to fashion cell phone location charts based on information the government received from the service provider for those numbers – MetroPCS.  Because the government has claimed not to have records for the two numbers dating prior to September 1, 2010 (asserting that at the time the government sought

SINCLAIR, LOUIS, HEATH, NUSSBAUM & ZAVERTNIK, P.A.

the records MetroPCS no longer maintained them), the government instead uses Nathanial Moss's, or other cell phone records as evidence of Mr. Brown's alleged involvement. (<u>See</u> Exhibits "A", "B", "C", "D" and "E", attached hereto.) In particular, the government urges that because Mr. Brown called Moss or somebody else who was located in a particular location at times Moss testified acts were taking place in furtherance of the conspiracy, Mr. Brown must have been located within the location and/or involved in the conspiracy.

On Wednesday, June 5, 2013, the Guardian newspaper published a Top Secret FISA Court Order relating to certain cell phone carrier data; the data is being collected by the National Security Agency ("NSA").  Because the published order was marked classified, it is not attached to this pleading; the order is widely available on the internet.  The order and a related program, entitled "PRISM" have otherwise been widely reported in the national and international media. On Friday, June 7, 2013, President Obama has acknowledged the program and what it collects:

> Now, the programs that have been discussed over the last couple days in the press are secret in the sense that they're classified.  But they're not secret in the sense that when it comes to telephone calls, every member of Congress has been briefed on this program.  With respect to all these programs, the relevant intelligence committees are fully briefed on these programs.  These are programs that have been authorized by broad bipartisan majorities repeatedly since 2006.
>
> And so, I think at the outset, it's important to understand that your duly elected representatives have been consistently informed on exactly what we're doing.  Now, let me take the two issues separately.
>
> When it comes to telephone calls, nobody is listening to your telephone calls.  That's not what this program is about.  As was indicated, what the intelligence community is doing is looking at phone numbers and durations of calls.  They are not looking at people's names, and they're not looking at content.  But by sifting through this so-called metadata, they may identify potential leads with respect to folks who might engage in terrorism.  If these folks -- if the intelligence community then actually wants to listen to a phone call, they've got to go back to a federal judge, just like they would in a criminal investigation.
>
> So I want to be very clear -- some of the hype that we've been hearing over the last day or so -- nobody is listening to the content of people's phone calls.  This

> program, by the way, is fully overseen not just by Congress, but by the FISA Court -- a court specially put together to evaluate classified programs to make sure that the executive branch, or government generally, is not abusing them, and that it's being carried out consistent with the Constitution and rule of law.
>
> And so, not only does that court authorize the initial gathering of data, but -- I want to repeat -- if anybody in government wanted to go further than just that top-line data and want to, for example, listen to Jackie Calmes' phone call, they would have to go back to a federal judge and indicate why, in fact, they were doing further probing.

(Tr. Statement of President Obama, June 7, 2013, last viewed June 9, 2013, at <http://www.dailykos.com/story/2013/06/07/1214491/-President-Obama-s-statement-on-ACA-and-answering-question-on-NSA-in-San-Jose-CA>.) The metadata President Obama referred to includes cell phone location data. This program has been ongoing since 2006, and despite the fact that the FISA Order which was revealed only relates to Verizon, it is clear from the President's remarks, the context of the collection efforts, as well as other well publicized statements in the media by members of Congress, that the collection includes all cell phone providers, not just Verizon.

## ARGUMENT AND LAW

The government must be ordered to turn over the records for the two telephones that it attributes to Mr. Brown for the dates which are relevant to this case – the month of July of 2010. The records sought are required to be produced pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E): "Upon a defendant's request, the government **must** permit the defendant to inspect and to copy…documents, data…or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense…" The records for the two telephone numbers are in the government's possession. The NSA operates under the authority of the United States Department of Defense, an arm of the executive branch of government. The FISA court order that has been widely published was

issued pursuant to an FBI affidavit.  The FBI is a member of this prosecution team, as is the Attorney General's Office, which in addition to passing upon the applicability of the death penalty in this matter, also authorized the government to confer immunity upon Elliott Maurice Davis.

In the event this Court determines that the records are not within the government's possession or control, Mr. Brown respectfully requests this Court issue a Rule 17 subpoena directing the NSA to produce the records and metadata in its possession relating to 786-307-4240 and 786-419-2326, for the month of July, 2010.  The records are material and favorable to Mr. Brown's defense; they are evidentiary and relevant to the issues in trial; they are not otherwise procurable by exercise of due diligence; the application is made in good faith and is not intended as a general fishing expedition; and, the records are necessary for Mr. Brown to meet the government's evidence in this matter.

I HEREBY CERTIFY that pursuant to Local Rule 88.9, a good faith effort was made to resolve the issues raised in this motion and the government opposes the relief requested.

WHEREFORE, Terrence Brown respectfully requests this Honorable Court order the government to produce the July, 2010 records for 786-307-4240 and 786-419-2326, or in the alternative authorize the issuance of a subpoena to the NSA to obtain the same records.

Respectfully Submitted,

s/ Marshall Dore Louis
Marshall Dore Louis
Florida Bar No. 512680
SINCLAIR, LOUIS, HEATH,
NUSSBAUM & ZAVERTNIK, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1125
Miami, FL 33131
TEL: (305) 374-0544
FAX: (305) 381-6869
E-MAIL: mdl@sinclairlouis.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 9, 2013 I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Se rvice List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Marshall Dore Louis
Marshall Dore Louis
Florida Bar No. 512680
SINCLAIR, LOUIS, HEATH,
NUSSBAUM & ZAVERTNIK, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1125
Miami, FL 33131
TEL: (305) 374-0544
FAX: (305) 381-6869
E-MAIL: mdl@sinclairlouis.com

**SERVICE LIST**

**Michael E. Gilfarb**
**Mark Dispoto**
99 Northeast 4th Street
Miami, Florida 33132-2111
Facsimile: 305-536-4676
Email: michael.gilfarb@usdoj.gov
Email: mark.dispoto@usdoj.gov
(Via CM/ECF Electronic Notification)

*Attorneys for the United States of America*

**Gennaro Cariglio, Jr.**
10800 Biscayne Boulevard
Suite 900
Miami, FL 33161-7400
305-899-0438
Fax: 891-2297
Email: Sobeachlaw@aol.com
(Via CM/ECF Electronic Notification)

*Attorney for Toriano Johnson*

**Martin L. Roth**
101 N.E. Third Avenue
Suite 1430
Fort Lauderdale, FL 33301
954-745-7697
Fax: 745-7698
Email: MLRPA@msn.com
(Via CM/ECF Electronic Notification)

*Attorney for Daryl Davis*

**Marc David Seitles**
Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, FL 33128
305-403-8070
Fax: 305-403-8210
Email: mseitles@seitleslaw.com
(Via CM/ECF Electronic Notification)

*Attorney for Hassam Williams*

**David Jonathon Joffe**
One East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33301
954-723-0007
Fax: 723-0033
Email: DavidJJoffe@aol.com
(Via CM/ECF Electronic Notification)

*Attorney for Joseph K. Simmons*